```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

MELVIN SCHULTZ                                CIVIL ACTION

VERSUS                                        NO: 07-7285

AMERICAN SECURITY INSURANCE                   SECTION: "J" (4)
COMPANY

### ORDER AND REASONS

Before the Court is the defendant's **Motion for Summary Judgment to Enforce Compromise (Rec. Doc. 13).** Plaintiff has filed a memorandum in support of the motion that seeks alternate relief. This motion was set for hearing on October 15, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the defendant's motion should be granted.

### Background Facts

This is a hurricane case. Plaintiff brought suit seeking insurance proceeds for a property located at 928 Terry Parkway in Gretna, Louisiana. The insurance contract at issue is a lender placed policy that was secured by Homecomings Financial Network

("Homecomings"), the plaintiff's mortgage company.  Homecomings is listed on the policy as the Named Insured Mortgagee and plaintiff is listed as an Additional Insured.  The policy provides that losses are payable to the Named Insured Mortgagee and Additional Insured by either a single instrument or by separate instruments, at the company's option.  (See Def.'s Mot. for Summ. J. Ex. C, R. Doc. 13).  On July 14, 2008, during a settlement conference with Magistrate Judge Roby, the parties reached an agreement to settle the case for $50,000.  This Court issued a sixty-day order on July 18, 2008.  (See Order, R. Doc. 11).  On August 8, 2008 defendant's counsel sent plaintiff's counsel a check for $50,000 that was dated July 28, 2008 and payable to "Melvin J. Schultz and HomeComings Financial Network and Frank D. Ippolito, Esq."  Accompanying the check was a Receipt, Release, and Agreement to Indemnify.  After receiving the check and agreement, plaintiff's counsel wrote defendant's counsel requesting that two checks be issued, one payable to Melvin Schultz and Homecomings in the amount of $29,485.33 and the other payable to Frank D. Ippolito, Esq. in the amount of $20,514.67.  Defendant's counsel responded that separate checks could not be issued without a statement from the Named Insured Mortgagee, Homecomings, indicating that they are only entitled to $29,485.33.  However, Homecomings has refused to consent to the endorsement of any settlement checks.  Instead, they have

represented to plaintiff's counsel that first plaintiff's counsel must provide affidavits from contractors who did work on the plaintiff's house.  All repairs to the plaintiff's house have been completed, however Homecomings has not inspected the house.

### The Parties' Arguments

American Security filed this motion arguing that the settlement agreement should be enforced and plaintiff's counsel should negotiate the settlement funds and execute the Receipt, Release, and Agreement to Indemnify.  Additionally, American Security is asking the Court to award them all costs associated with bringing this motion and to dismiss them from the case with prejudice.  In support of this position, American Security argues that they cannot issue separate checks in the manner requested by plaintiff's counsel.  Plaintiff's counsel has requested that the defendant issue one check to counsel to pay for attorneys' fees and expenses and a separate check payable to both the plaintiff and Homecomings.  However, American Security argues that it cannot do this because the insurance contract entered into with Homecomings does not permit a separate check to be issued to the attorney.  The defendant cites the insurance policy which lists Homecomings Financial as the Named Insured Mortgagee and Melvin J. Schultz as an Additional Insured.  The policy further provides that, "[l]oss, if any, shall be adjusted with and payable to the

above Named Insured Mortgagee, and the Additional Insureds as their interests may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Insured, at the company's option."  (Def.'s Mot. for Summ. J. Ex. C, R. Doc. 13). The policy does not provide for a separate check to be made payable to the Additional Insured's attorney.

The plaintiff filed a memorandum requesting that the Court allow the mortgage company's name to be removed from the settlement check, or, alternatively, order that American Security issue two checks, one payable to plaintiff's attorney and one payable to the plaintiff and Homecomings.

## Discussion

This case, which is properly before this Court based on diversity jurisdiction, involves an insurance policy that was issued in Louisiana for property located in Louisiana.  As a result, Louisiana substantive law applies to this action.  <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 206 (5th Cir. 2007)(citing <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)). Louisiana Civil Code article 3071 provides that a compromise that is reached when concessions are made by one or more of the parties in the interest of resolving a dispute creates a contract.  Such a compromise can be in writing or "recited in

4

open court." LA. CIV. CODE ANN. art. 3072 (2007). The compromise in this case was reached after a settlement conference with Magistrate Judge Roby. The agreement that was reached among the parties was recorded into the record at that time. (See Min. Entry, R. Doc. 10). The validity of this agreement has not been challenged by either party.

Instead, at issue is the execution of the settlement agreement. Problems have arisen with the negotiation of the settlement check and execution of the Receipt, Release, and Agreement to Indemnify. These problems are largely related to Homecomings' refusal to consent to the endorsement of settlement checks until plaintiff provides affidavits from his contractors. As a result the plaintiff has requested that either Homecomings be removed from the settlement check, or two separate checks be issued with one payable to plaintiff's attorney and the other payable to the plaintiff and Homecomings. However, this is not permitted by the subject insurance policy. Under Louisiana law, "[w]ords and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning." Edwards v. Daugherty, 883 So. 2d 932, 940-41 (La. 2004). "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." Id. Here, the insurance policy clearly provides two options for payment of the

5

settlement.  A loss may be paid to the Named Insured Mortgagee and the Additional Insured as a single instrument or as separate instruments each payable to the Named Insured Mortgagee and the Additional Insured, respectively.  (See Def.'s Mot. for Summ. J. Ex. C, R. Doc. 13).  The insurance policy simply does not allow for a separate payment to be made to plaintiff's attorney.  The policy also does not provide for loss payments to be made without the inclusion of Homecomings, the Named Insured Mortgagee and the entity who obtained the insurance policy from the defendant when the plaintiff failed to insure the property.

    The defendant has also requested attorneys' fees for the cost of bringing this motion.  Given the issues with Homecomings that have prevented the negotiation of the settlement check an award of attorneys' fees for this motion is not warranted. Accordingly,

    **IT IS ORDERED** that the defendant's **Motion for Summary Judgment to Enforce Compromise (Rec. Doc. 13)** is hereby **GRANTED.**

    **IT IS FURTHER ORDERED** that the defendant's request for attorneys' fees is **DENIED.**

    New Orleans, Louisiana, this 5th day of December, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE